IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESUS R. BRUNO,<br><br>               Petitioner,<br><br>vs.<br><br>JOHN LEMPKE, Superintendent, Five Points Correctional Center,<br><br>               Respondent. | No. 9:10-cv-00282-JKS<br><br>ORDER |

Jesus R. Bruno, a state prisoner appearing *pro se*, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Bruno is currently in the custody of the New York Department of Corrections and Community Supervision. Respondent has answered. Bruno has not replied.

I. BACKGROUND/PRIOR PROCEEDINGS

Bruno was convicted by a jury in the Albany County Court of Criminal Sexual Assault in the First Degree (N.Y. Penal Law § 130.50(1)), Attempted Assault in the Second Degree (N.Y. Penal Law §§ 110, 120.05[1]), and Resisting Arrest (N.Y. Penal Law § 205.30). In August 2006 the trial court sentenced Bruno as a persistent felony offender to an indeterminate sentence of twenty-five years to life on the sexual assault conviction, and to lesser determinate terms on the other two convictions, to be served concurrently. The Appellate Division, Third Appellate Department, affirmed Bruno's conviction and sentence in a reasoned, published decision, and the New York Court of Appeals denied leave to appeal on March 26, 2008.[1]

---

[1] *People v. Bruno*, 849 N.Y.S.2d 701 (App. Div.), *lv. denied*, 886 N.E.2d 807 (N.Y. 2008)
(continued...)

On March 5, 2009, appearing *pro se*, Bruno filed a motion to vacate the judgment under N.Y. Criminal Procedure Law § 440.10 in the Albany County Court, which the County Court denied on March 30, 2009. The Appellate Division denied leave to appeal on June 11, 2009. On July 2, 2009, Bruno, appearing *pro se*, filed a motion for a writ of error *coram nobis*, in the Appellate Division, which the Appellate Division denied in an unreported decision on August 28, 2009. The New York Court of Appeals denied leave to appeal on November 20, 2009.[2] Bruno filed his Petition for relief in this Court on March 2, 2010.

## II. GROUNDS RAISED/DEFENSES

In his Petition Bruno raises six grounds: (1) the admission of unredacted medical records constituted inadmissible hearsay and bolstered the victim's testimony; (2) insufficiency of the evidence; (3) the trial court erred in denying a motion for a mistrial based upon misconduct by the prosecutor and the People's witnesses; (4) the trial court deprived Bruno of his right to a fair trial in several particulars; (5) ineffective assistance of trial counsel; and (6) ineffective assistance of appellate counsel. Respondent contends that the Petition is untimely. Respondent also contends that, except for Bruno's second (insufficiency of the evidence), fifth (ineffective assistance of trial counsel), and sixth (ineffective assistance of appellate counsel) grounds, Bruno has not exhausted his state-court remedies.

---

[1](...continued)
(Table) ("*Bruno I*").

[2] *People v. Bruno*, 920 N.E.2d 98 (N.Y. 2009) (Table) ("*Bruno II*").

III. DISCUSSION

Respondent contends that the Petition is untimely and must be dismissed. Bruno has not replied to the answer. 28 U.S.C. § 2248 provides:

> The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.

Ordinarily, under § 2248, where there is no denial of the Respondent's allegations in the answer, or the denial is merely formal and unsupported by an evidentiary basis, the court must accept Respondent's allegations.[3] Where there is no traverse filed and no evidence offered to contradict the allegations of the return, they must be accepted as true.[4] Accepting Respondent's allegations as true, this Court limits its discussion to whether those allegations establish, as a matter of law, that the Petition was untimely.[5]

The New York Court of Appeals denied Bruno's application for leave to appeal on March 26, 2008. Bruno's conviction became final on direct review 90 days later when his time to file a petition for *certiorari* in the Supreme Court expired,[6] June 24, 2008.

28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

---

[3] *See Carlson v. Landon*, 342 U.S. 524, 530 (1952).

[4] *United States ex rel. Catalano v. Shaughnessy*, 197 F.2d 65, 66 (2d Cir. 1952) (per curiam).

[5] *See Saunders v. Senkowski*, 587 F.3d 543, 547 (2d Cir. 2009).

[6] *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009); *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001).

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely petition is subject to dismissal.[7] As relevant to this case, the two provisions of § 2244 involved are (d)(1)(A) (date the judgment of conviction became final) and (d)(2) (exclusion of the time during which a State post-conviction proceeding is pending).[8] Thus, unless tolled, Bruno's time to file his Petition for relief in this Court expired on June 24, 2009.

Bruno filed his first application for post-conviction relief in the Albany County Court on March 5, 2009. At that time, 250 of Bruno's 365 days had expired, leaving him 115 days within which to file his petition for federal habeas relief. The time was tolled until the Appellate Division denied Bruno leave to appeal on June 11, 2009, and began running again the following day, June 12, 2009. Bruno filed his second application for post-conviction relief in the Appellate Division on July 2, 2009, twenty-one days later. Bruno's time was tolled until the New York Court of Appeals denied leave to appeal on November 20, 2009. At that point, unless further

---

[7] *Day v. McDonough*, 547 U.S. 198, 201 (2006).

[8] Bruno makes no claim that he is entitled to equitable tolling and the circumstances of this case do not appear to provide any basis for the application of the doctrine of equitable tolling.

tolled, Bruno had ninety days, until February 18, 2010, within which to file his Petition for relief in this Court. Bruno did not file his Petition until March 2, 2010, twelve days late.

Because Bruno's Petition is untimely, this Court need not, and does not, reach Respondent's failure to exhaust defense or the merits of the Petition.

IV. CONCLUSION AND ORDER

Bruno's Petition is untimely.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DISMISSED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[9] Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[10]

The Clerk of the Court is to enter judgment accordingly.

Dated: October 5, 2012.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

---

[9] 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))).

[10] *See* Fed. R. App. P. 22(b); Second Circuit R. 22.1.

5